(No. 5339—

KEUFFEL and ESSER COMPANY, A Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 17, 1967.*

WOLFE, KLEIN, BONNER and BEZARK, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Keuffel and Esser Company, a Corporation, filed its complaint in the Court of Claims in which it seeks payment of the sum of $2,696.16 for materials furnished to the Department of Public Works and Buildings of the State of Illinois.

A written stipulation was entered into by claimant and respondent, which states as follows:

"That the claimant is a New Jersey Corporation, qualified to do business in the State of Illinois, and that at the special instance and request of the Department of Public Works and Buildings of the State of Illinois had supplied respondent with tapes, tape refills, chains, surveying and engineering equipment, as indicated in exhibits Nos. 1 through 10, attached to the complaint filed herein.

"That the customary and usual charge for said merchandise was equivalent to the sum set forth in the invoice, namely, $2,696.16.

"That the vouchers for said merchandise were not presented or processed until after September, 1965, when the 73rd biennium appropriations had lapsed.

"That no assignment or transfer of this claim has been made.

"That there is rightfully due to claimant the sum of $2,696.16.

"That upon the foregoing agreed case filed herein, the Court shall decide thereon, and render judgment herein according to the rights of the parties in the same manner as if the facts aforesaid were proved upon the trial of said issue."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, An Illinois Corporation* vs. *State of Illinois,* Case No. 5261,

opinion filed February 24, 1966. It appears that all qualifications for an award have been met in the instant case.

Claimant, Keuffel and Esser Company, a Corporation, is, therefore, hereby awarded the sum of $2,696.16.